UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARIN JEROME FRENCH,

    Defendant.

3:08-CR-0066-LRH-RAM

ORDER

Before the court is defendant Darin Jerome French's ("French") fourth motion for a new trial. Doc. #186.[1]

**I.   Facts and Procedural History**

On July 23, 2008, French was indicted on thirty-six (36) counts of wire fraud in violation of 18 U.S.C. § 1343 for allegedly defrauding Maytag through false warranty repair claims. Doc. #1. On February 19, 2009, after a three day jury trial, French was convicted on all thirty-six (36) counts. Doc. #51.

French filed a motion for new trial arguing that the government's evidence was insufficient to support a guilty verdict because there was no direct testimony that he committed the charged acts of wire fraud. *See* Doc. #57. The court denied the motion finding that although the government did

---

[1] Refers to the court's docket number.

not provide direct witness testimony "there was sufficient circumstantial evidence[2] presented to the jury to establish each element of the offense." Doc. #64. In response, French filed a motion to reconsider the court's order arguing that there was substantial exculpatory "new evidence" warranting reconsideration. Doc. #82. After an extensive analysis of French's "new evidence" the court denied the motion finding that every piece of "new evidence" was "either known to [French] or readily available with the exercise of due diligence prior to trial." Doc. #91.

On August 12, 2009, French was sentenced to thirty (30) months imprisonment followed by a three (3) year term of supervised release. Doc. #107. French appealed his sentence and conviction (Doc. #111) and the Ninth Circuit denied his appeal, affirming both his conviction and sentence (Doc. #139).

In response, French filed a second motion for new trial arguing that there was new evidence that a former employee of his business, Alexia Tatton/Fernandez, also had access to the Maytag warranty reimbursement password. Doc. #152. French then filed a third motion for new trial arguing that FBI Agent John Ginnochio, one of the government's main witnesses, perjured himself at trial. Doc. #158. The court denied both motions finding that the "new evidence" that French raised would not result in an acquittal or other more favorable result, and that there was no evidence that FBI Agent Ginnochio perjured his testimony. Doc. #183. Thereafter, French filed the present fourth motion for a new trial. Doc. #186.

**II.    Discussion**

Pursuant to Federal Rule of Criminal Procedure 33, upon a criminal defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).

---

[2] The circumstantial evidence included the use of French's specific, unique Maytag user identification number and personal password (created by French) to enter the false repair claims, as well as other testimony that neither French, nor anyone at his company, had ever repaired equipment in the cities that the false repair claims were for. For a complete analysis of the circumstantial evidence provided at trial see the court's March 25, 2009 order denying the motion for a new trial (Doc. #64).

In his motion, French once again argues that the court should grant him a new trial because the evidence concerning his former employee Alexia Tatton/Fernandez establishes that she had access to the Maytag warranty reimbursement password and inputted false reimbursement orders.

The court has reviewed the documents and pleadings on file in this matter and finds that there is no "new evidence" before the court that has not already been raised by French in his prior motions and discounted by the court in its prior orders. Therefore, the court finds that French has failed to raise any new arguments warranting the court's consideration and shall deny his motion accordingly.

IT IS THEREFORE ORDERED that defendant's fourth motion for a new trial (Doc. #186) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE